IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WHITE,

    Plaintiff,

    v.

SCOTT ASHFORD, et al.,

    Defendants.

Case No. 1:24-cv-01300-MC

OPINION & ORDER

_____

MCSHANE, Judge:

    Self-represented Plaintiff, David White, seeks leave to proceed *in forma pauperis* ("IFP") in this action against various employees of Oregon State University (collectively, "Defendants"). *See* Pl.'s Appl., ECF No. 2.

    This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. Because Plaintiff's Complaint fails to state a cognizable legal claim, the Court cannot grant leave to proceed IFP.

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible

1 – Opinion & Order

inference that the defendant violated a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Id*. Although the court must take the allegations contained in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id. (*citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court is unable to discern a valid claim when reviewing Plaintiff's Complaint. While the focus of the suit seems to be an employment action, it is confusingly labeled "a federal fair admission question," a copyright infringement action, and an environmental matter. *See* Pl.'s Compl. 6, 15, 66, ECF No. 1.

The substance of Plaintiff's 66-page Complaint fails to provide additional clarity. Underneath a narrative about his scientific achievements, Plaintiff appears to be challenging Defendants' decision not to offer him a position in their program or promote his textbook at the University. Neither satisfies federal pleading standards.

Plaintiff alleges that the "Department's rejection of Plaintiff's application is based not on merit, but on an unstated, but implied accusation that Plaintiff is prejudiced on the basis of race." *Id.* at 16–17. To support this conclusion, Plaintiff alleges that he attended two meetings that included non-white candidates who were applying for a program position. *Id.* at 17–18, 22. From this fact, Plaintiff has concluded that the University engages in "illegal affirmative action." *Id.* at 6; *see also id.* at 18 ("Plaintiff resents the conspicuous racist selection criteria that disqualified him on the basis of being a white, Anglo-Saxon male. … [W]e find an obvious bias in favor of

2 – Opinion & Order

lower-qualified, foreign candidates over and above far more qualified white, male American candidates.").

At this phase, the Court takes Plaintiff's factual allegations as true. However, the Court is not bound to accept any legal conclusions. Asserting that the Department's rejection is based on race is a legal conclusion. It is based solely on the Plaintiff's belief that this must be true.

Putting aside allegations of race-based hiring, a large portion of the Complaint is dedicated to Plaintiff's belief that "[t]he Department's rejection of Plaintiff's application is based not on merit, but on a philosophical bias against Plaintiff's recently published college textbook that challenges the department's questionable definition of Environmental Science." *Id.* at 14. Not only does this rebut Plaintiff's alternative narrative that the denial was race-based, but it also fails to state a federal claim. Differing scientific philosophies does not fall into a protected class, and disagreeing with a university's academic decision-making does not rise to a federal discrimination claim.

Finally, the email offered as evidence that the University's "decision was clearly not merit-based" indicates that there was no position open. It appears that Plaintiff was merely offering an uninvited textbook and teaching services that were declined. *See* email from Dr. Jeffery Nason, *id.* at 19 ("We have shared the information that we can regarding our graduate admissions process. We also do not have a need for your textbook or teaching services in our curriculum. As a result, there is not anything additional to discuss at this time."). Absent in that email is any reference to the University's decision-making process, merit-based or otherwise.

It is important to note that the relief Plaintiff requests indicates that this matter is not about discriminatory selection practices. He does not seek admission or a change in hiring policies. Rather, Plaintiff seeks $1 million for his organization, Dr. Nason's position, the

3 – Opinion & Order

installation of a "Nucor reactor," and a writ ordering Defendants to teach his textbook. *Id.* at 41–42.

For these reasons, the Court cannot grant Plaintiff's request to proceed IFP. However, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Out of an abundance of caution, the Court dismisses Plaintiff's Complaint without prejudice and with leave to file an amended complaint within 30 days of the issuance of this Opinion.

Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice and with leave to amend. The amended complaint, if any, is due 30 days from the issuance of this Opinion and Order. The Application, ECF No. 2, is held in abeyance pending the filing of an amended complaint.

IT IS SO ORDERED.

DATED this 27th day of September, 2024.

                                                 \_\_\_\_s/Michael J. McShane_____
                                                         Michael McShane
                                               United States District Judge