1. UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **David White, Pro Se.** <br> research@cctruth.org, <br> 18965 NW Illahe Portland   AND <br> 97229. 503-608-7611 <br><br> **Plaintiff** <br>         v. <br> Scott Ashford, in his personal capacity and his official capacity of Dean of Engineering, Jeff Nason in his personal capacity and his official capacity of Environmental Engineering Leader, Philip Mote in his personal capacity and his official capacity of vice provost and dean of the Graduate School; Edward Feser in his personal capacity and his official capacity of Provost of Oregon State University Defendants. | **Case  1:24-CV-1300-MC** <br> **COMPLAINT FOR BIAS** <br> **JUDICAL ERROR** |

| | |
|---|---|
| Legal Counsel for Defendants | |
| Michael Porter, P.C. (DLC) | mike.porter@millernash.com |

Miller Nash LLP

1140 SW Washington St, Ste 700 |

Portland, OR 97205

Direct: 503.205.2330

# TABLE OF AUTHORITIES

1) ArtI.S8.C3.7.1. Overview of Dormant Commerce Clause.

2) 18 U.S.C. § 1001 False Statements, Concealment.

3) 28 U.S.C. §191 Proceedings in forma Pauperis.

4) 8 U.S. Code § 1324c - Penalties for document fraud.

5) Rule 5. Serving and Filing Pleadings and Other Papers.

6) Rule 11. Signing Pleadings.

7) 18 U.S.C. 1621 Perjury.

8) Rule 21 Writ of mandamus.

Federal Case Law

9) Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002): Pagtalunan was Pro Se and made numerous mistakes in filing his complaint resulting in the case being dismissed. However, upon appeal, the higher Court ruled that the lower Court was in error because they did not give allowance for Pagtalunan's lack of legal training.

10) 22–451 June 28th, 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce. https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf that courts can no longer function as Administrative Law courts. They must convene as article III of the US Constitution Courts, in compliance with the judge's sworn oath of office.

11) STUDENTS FOR FAIR ADMISSIONS, INC. *v.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

https://www.supremecourt.gov/opinions/22pdf/20-1199_hgdj.pdf

12) WEST VIRGINIA ET. AL. v. ENVIRONMENTAL PROTECTION AGENCY ET. AL. https://www.hsph.harvard.edu/news/features/the-supreme-court-curbed-epas-power-to-regulate-carbon-emissions-from-power-plants-what-comes-next/

13) The Clean Air Act of 1967 directed the EPA to tackle issues like Acid Rain and other environmental dangers. The Act instructs the EPA to make a "toxic chemicals" list. Anything the EPA wants to regulate must be on that list, Section 111, subsection D. In 2015, the EPA illegally began to regulate "greenhouse gases" without including them on the toxic chemicals list as prescribed by The Clean Air Act. That's because Carbon Dioxide and Methane, to name a few, are not toxic chemicals. In fact, every living animal and human being on earth breathes out carbon dioxide. It's not a toxic chemical.

Background:

Plaintiff heads a legal team of 3 professionals, all working pro bono.

One is a 40-year veteran Federal Attorney who knows the Federal

and case law like the back of his hand. Another is an investigative

journalist who provides research and serves as legal editor of all

1. Court documents.

2. Plaintiff is 22 credits from finishing his PhD. Defendants violated 11)

3. above in their selection process. Once Plaintiff finishes the 22

4. Credits and becomes a Professor at the University Plaintiff will make

5. around $180,000 a year. Then work for 190 years and easily make

6. the $1 million asked for in the complaint. Defendants have caused

7. much trauma in Plaintiffs life.

8. Recent unlawful events of the Court have led plaintiff to file a

9. Complaint in Federal Appeals Court against this judge. Judicial

10. Council of the Ninth Circuit COMPLAINT OF JUDICIAL

11. MISCONDUCT

12.

13. Judge McShane is habitually using illegal Administrative Law to flaunt

14.

15. Federal law and the U.S. Constitution. In case 1:24-cv-01300-MC on

1

2   9/27/2024 The judge said:

3

| 09/27/2024 | 20 | Opinion and Order: Plaintiff's Complaint, ECF No. 1 , is DISMISSED without prejudice and with leave to amend. The amended complaint, if any, is due 30 days from the issuance of this Opinion and Order. The Application, ECF No. 2 , is held in abeyance pending the filing of an amended complaint. Signed on 9/27/2024 by Judge Michael J. McShane. (cp) (Entered: 09/27/2024) |

4

5   On 10/2/2024 Plaintiff filed the Amended Complaint, thus restarting the

6

7   clock. By Federal Rule 15 Defendants had 14 days to reply and did not.

8

9   Therefore, Plaintiff filed a Rule 55, Rule 56, and Writ of Mandamus.

| 10/02/2024 | 21 | AMENDED COMPLAINT by Federal Rule 15. Expedited Hearing requested. Filed by David White. (White, David) Modified on 10/17/2024 to correct document type from a motion to Amended Complaint, resent NEF (cp). (Entered: 10/02/2024) |
| 10/17/2024 | 22 | Motion for Default Judgment. Filed by David White. (Attachments: # 1 Proposed Order, # 2 Proposed Order) (White, David) (Entered: 10/17/2024) |

10

11  Federal Rule 15 for Amendments says

12

13  (https://www.law.cornell.edu/rules/frcp/rule_15 ) "(3) Time to Respond.

14

15  Unless the Court orders otherwise, any required response to an amended

16

17  pleading must be made within the time remaining to respond to the original

pleading or within 14 days after service of the amended pleading, whichever is later."

"Unless the Court orders otherwise" is a phrase in almost every federal and state law to allow a Judge to make exceptions for a law as circumstances appear. For example, in this case a judge might rule to increase the time due to Christmas and New Year's Holidays when most of the world shuts down.

The Court's evaluation of an IFP has no bearing on this; The Judge also must operate within this Federally imposed timeline, rather than penalize Plaintiff.  At the very least, he should have clarified and treated it as an error to be corrected rather than imposing a procedural rule on Plaintiff that precludes considering the evidence.  The Court is required to consider all

relevant evidence in its rulings.

Rule 15 does not give the Court extra time to evaluate the amended

complaint. However, the Judge stated contrary to law that:" The Motion for

Default Judgment 22 is DENIED. The Court is still evaluating Plaintiff's IFP

Application 2 and Amended Complaint 21."

Nonetheless, the Defendants were in default. It is not within Plaintiff's

purview to school Defendants' legal counsel in Federal Rules 3, 4 and 15,

which apply, or to compel the Court to perform its duty within the time

prescribed by Federal law.

Defendants legal counsel said this in an email to the court:

Porter, Michael<Mike.Porter@MillerNash.com>

    Reply

    Reply all

    Forward

To:mcshane_crd@ord.uscourts.gov

Cc:You

Thu 10/17/2024 9:17 AM

Dear Courtroom Deputy for Chief Judge McShane,

We represent defendants in this case. Plaintiff David White is pro se and copied on this email.

We have received the October 17, 2024 filings by White (docket 22). Given the court's consideration of the IFP request described in the minute order of September 17, 2024 (docket 17), and defendants' position on service set forth in their motion to set a response date of August 26, 2024 (docket 9), our impression is the court does not expect any response from defendants. If that impression is incorrect, we will respond, but we did want to check in before expending the resources to do so.

Thank you,

Mike Porter

**Michael Porter, P.C.**

Partner

**Miller Nash LLP**

1140 SW Washington St, Ste 700 | Portland, OR 97205

*Direct*: 503.205.2330 | *Cell*: 503.577.1325 | *Office*: 503.224.5858

**Email** | **Bio** | **Insights** | **Website**

Judge exhibited an unlawful, biased predisposition against Plaintiff's

Complaint by the following words and actions

| 10/17/2024 | 23 | **ORDER:** The Motion for Default Judgment 22 is DENIED. The Court is still evaluating Plaintiff's IFP Application 2 and Amended Complaint 21 . **He has not been granted leave to proceed, this action has not yet formally commenced with service**, and therefore, Defendant does not yet have a duty to appear and defend. Plaintiff is reminded to heed this District's Local Rules as well as the Federal Rules of Civil Procedure prior to filing any other documents. Ordered by Judge Michael J. McShane. (cp) (Entered: 10/17/2024) |

Many other state and federal and appeal courts have approved Plaintiff's

IFP in a very short time. The amended complaint is easy to read and

understand and takes less than two hours to read.

What does "held in abeyance pending the filing of an amended complaint."

mean? It means the case clock stops until the amended complaint is filed; it

does *not* include the phrase *"and* until the judge evaluates the IFP."

At the very least the Court should have simply treated it as an error to be

corrected, rather than dismissing the Default motion on an Administrative

technicality.

This statement is categorically not true: "He has not been granted leave to proceed, this action has not yet formally commenced with service." Service was completed legally and process began when the Complaint was filed.

There is nothing legally wrong with ECF 22 and the judge has no legal basis to deny it.

This is a violation of:

22–451 June 28th, 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce. https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf

18 U.S. Code § 4 - Misprision of felony

28 U.S. Code § 144 - Bias or prejudice of judge

Judges Code of Conduct, Canons 2 and 3; https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.

# Conclusion

1. Defendants' motions filed contain no Certificate of Service which is required.

2. Thus, Defendants' motions filed contain misinterpretation and erroneous use of Federal Rules and two violations of Federal law.

They have persisted in perjuring themselves with the assertion that the lawsuit does not begin until the Summons is delivered.   Not only did Defendants fail to provide a Certificate of Service, but they also failed to reject anything of substance in the Complaint or Injunction, focusing instead on inconsequential procedural technicalities.

Plaintiff therefore moves the Federal Court to a Summary Judgment in Plaintiff's favor of one million dollars to restructure the curriculum as an Environmental Science Department and install a NuCore Electric Generator on the OSU campus.  Plaintiff contends that the facts are so indisputable that any Appeals Court would grant the summary judgment without hesitation.

Respectfully

Dated: 10/25/2024        *[signature]*        David White

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25th, 2024, a true and correct copy of the above document was electronically filed with the Clerk of the Court using paper. A copy of the document will be served to interested parties via the US mail and email. Additionally, a courtesy copy is being provided as follows:

Michael Porter, P.C. (DLC) mike.porter@millernash.com
Miller Nash LLP
1140 SW Washington St, Ste 700 |
Portland, OR 97205
Direct: 503.205.2330
___ Via hand delivery
___ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
XX Via Email
XX Via CM/ECF notification
to the extent registered DATED: October 24th, 2024.
By: David White
Fed. R. Civ. P. 4(e)". says (e)(1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; However, by Oregon law email service is allowed. UTCR 8 21.10 (2) explains a document may be a pleading or many other documents.