IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WHITE,

      Plaintiff,

      v.

SCOTT ASHFORD, et al.,

      Defendants.
_____

Case No. 1:24-cv-01300-MC

OPINION & ORDER

MCSHANE, Judge:

      After filing an Amended Complaint, self-represented Plaintiff David White again seeks leave to proceed *in forma pauperis* ("IFP") in this action against various Oregon State University employees. *See* Pl.'s Am. Compl., ECF No. 21; Pl.'s Appl., ECF No. 2.

      This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. Because Plaintiff's Amended Complaint still fails to state a cognizable legal claim, the Court cannot grant leave to proceed IFP.

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it

1 – Opinion & Order

does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that the defendant violated a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Id*. Although the court must take the allegations contained in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id. (*citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff filed his Amended Complaint alleging three claims for relief: breach of contract, fraudulent misrepresentation, and unjust enrichment. Although the Amended Complaint provides additional rule statements and elaborates on Plaintiff's grievances, it does not cure the legal deficiencies suffered by the original Complaint.

Plaintiff's breach of contract claim fails to state a claim. Plaintiff alleges that because "Defendants charged a fee to submit an application for evaluation to the Environmental Science doctoral program," he and Defendants had a legal contract, the performance of which prohibited Defendants from engaging in "any illegal DEI and Affirmative Action criteria." Pl.'s Am. Compl. 8. He claims that Defendants failed to perform on this contract because they used "illegal Affirmative Action criteria." *Id.* at 9. Plaintiff, however, provides no factual allegations to support these claims. He states that there were 20 openings, that he had "more than all the requirements needed to be selected," and that the other applicants "had nowhere as many requirements." *Id.* at 7. Without providing the selection criteria or an insight into the evaluation process that selected someone over Plaintiff for improper reasons, Plaintiff's allegations are merely opinions—not facts—that he is vaguely superior to the other candidates. It is not a "well-

documented fact" that "prospective students in a Zoom meetings [sic] and in a sperate graduate school bullpen were all 'Black,'" as Plaintiff contends. *Id.* Nor is it, as he claims, "common knowledge that the University receives more compensation for selecting foreign students." *Id.* Finally, Defendants' disagreement with Plaintiff's answer regarding affirmative action is not tantamount to Defendants deploying inappropriate affirmative action in their selection process. Plaintiff has no legal entitlement to admission into anyone's graduate program. He has a right to have his application evaluated free of discrimination, but simply being white and not admitted while applicants of color were, does not mean he was discriminated against.

As to his fraudulent misrepresentation claim, Plaintiff alleges that Defendants represented their "main textbook for Environmental Science…[was] an Environmental Sciences text." *Id.* at 10. "However, a careful review of the book by Plaintiff revealed that the only place the phrase 'Environmental Sciences' was mentioned in the entire book is on the front cover, thus 2) making it a false representation." *Id.* Plaintiff then conclusively states: "From all appearances, Defendants have 4) been using a plagiarized version of the Welty, Wicks & Wilson book to teach a course in Chemical Engineering while conveying the false impression to prospective students, including Plaintiff, that they are teaching Environmental Science." *Id.* This does not make out a claim for fraudulent misrepresentation. Moreover, Plaintiff admits that he "was/is not the direct victim of [the textbook related] offenses," and therefore, he has no standing to bring these claims. *Id.* at 7.

For the same reasons, Plaintiff's unjust enrichment claim fails. He hinges it on the success of his fraudulent misrepresentation claim and asserts, without factual support, that Defendants "received the benefit of selling a Chemical Engineering book under the misleading title of "Environmental Sciences" which "came at Plaintiff's expense 2) because he was

3 – Opinion & Order

proposing to teach from his textbook as part of his Doctoral Program requirements." *Id.* at 11. The Court is not required to accept Plaintiff's conclusory allegations that Defendants received a benefit absent any supporting factual allegations.

Even accepting Plaintiff's facts as stated, they do not illustrate that any legal harms occurred. Plaintiff has therefore failed to state a claim. The Amended Complaint, ECF No. 21, is accordingly DISMISSED with prejudice and without leave to amend. Plaintiff's IFP Application, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED this 30th day of October, 2024.

                                            __s/Michael J. McShane_____
                                                      Michael McShane
                                            United States District Judge